UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| RONALD ALVERSON and SCS CARBON TRANSPORT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN COUNTY, SOUTH DAKOTA et al.,<br><br>Defendants. | No. 3:22-CV-03018-RAL<br><br>**JOINT RULE 26(F) REPORT** |

The parties submit the following report under Federal Rule of Civil Procedure 26(f) and the Court's June 9, 2023 Order for Discovery Report and Scheduling Information (Dkt. 23).

A.  **Rule 26(f) Meeting.**

1.  The parties held a Rule 26(f) conference on July 6, 2023 by videoconference.

2.  Party information:

a.  Plaintiffs are Ronald Alverson and SCS Carbon Transport LLC. They may be contacted through their undersigned counsel. At the Rule 26(f) conference, Plaintiffs were represented by Justin L. Bell of May, Adam, Gerdes & Thompson LLP and by Matthew P. Hooker of Alston & Bird LLP, whose contact information is in the signature block below.

b.  Defendants are Brown County, South Dakota; Brown County Board of Commissioners; Duane Sutton; Mike Wiese; Drew Dennert;* Doug Fjeldheim; and Mike Gage. They may be contacted through their undersigned counsel. At the Rule 26(f) conference, Defendants were

---

* Under Fed. R. Civ. P. 25(d), Defendant Drew Dennert is automatically substituted for Defendant Dennis Feickert.

represented by Joshua K. Finer of Richardson, Wyly, Wise, Sauck & Hieb, LLP, whose contact information is in the signature block below.

3. Insurance information:

    a. For Plaintiffs: Based on the current pleadings, no claim for relief has been alleged against Plaintiffs.

    b. For Defendants: Defendants have injunctive relief defense coverage.

## B.   Description of the Case.

4. Plaintiffs seek declaratory and injunctive relief against Brown County's Resolution #33-22, which purports to regulate pipeline permitting. Plaintiffs claim that Resolution #33-22 violates and is preempted by the federal Pipeline Safety Act and the Supremacy Clause of the U.S. Constitution because it impermissibly regulates safety aspects of SCS's planned carbon dioxide pipeline. Defendants deny that Resolution #33-22 is unlawful.

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claim arises under federal law, including the Supremacy Clause, U.S. Const. art. VI, cl. 2. On June 1, 2023, the Court denied Defendants' motion to dismiss under Rule 12(b)(1).

6. The material issue to be resolved in this case is:

    a. Whether the Pipeline Safety Act preempts Resolution #33-22 by express, field, or conflict preemption.

## C.   Pleadings.

7. Plaintiffs filed their Amended Complaint on November 10, 2022, and Defendants filed their Answer to the Amended Complaint on June 8, 2023.

8. The parties agree that motions to amend the pleadings or add parties will be filed by August 11, 2023. But the parties agree that any party may at any time move to substitute any defendant who is a Brown County Commissioner sued in his/her official capacity if there is a change in the membership of the Commission. *See* Fed. R. Civ. P. 25(d).

9. Defendants have demanded a jury trial. Plaintiffs deny that Defendants have the right to a jury trial because Plaintiffs seek only equitable relief.

**D.    Initial Discovery Plan.**

   10.    The parties agree that initial disclosures under Rule 26(a)(1) will be served by July 31, 2023.

**E.    Discovery Plan.**

   11.    The parties do not currently anticipate any issues relating to disclosure or discovery of electronically stored information ("ESI"), nor do they currently anticipate the need for a formal order or agreement concerning ESI discovery and production.

   12.    The parties agree that each side may serve no more than 25 interrogatories, 20 requests for production, and 25 requests for admission on the other side. This limitation does not apply to requests for admission to authenticate documents.

   13.    The parties agree that each side may be permitted no more than 6 fact depositions.

   14.    The parties agree that the limits on the length of depositions shall be governed by Rule 30(d).

   15.    The parties agree that all discovery (including expert discovery) shall be completed by January 26, 2024.

   16.    The parties do not anticipate calling any expert witnesses but agree that each side may be permitted no more than 2 expert witnesses.

   17.    The parties agree that each side shall disclose the identity of their expert witnesses and disclose expert reports no later than September 29, 2023. Each side shall disclose the identity of any rebuttal expert witnesses and disclose rebuttal expert reports no later than November 10, 2023.

   18.    The parties do not anticipate calling any expert witnesses and therefore do not anticipate expert depositions.

   19.    The parties do not anticipate calling any expert witnesses but agree that each side may take the deposition of any expert witness designated by the other side.

   20.    Given the narrow issues in this case, the parties do not believe that they require a specific timeline or schedule to govern the timely supplementation of discovery responses under Rule 26(e).

3

**F.      Dispositive Motions and Trial.**

21.      The parties agree that all dispositive motions shall be filed by March 1, 2024.

22.      Defendants have demanded a jury trial, but Plaintiffs deny that Defendants have a right to a jury trial. The parties estimate that a bench trial in this matter should not exceed 1 day.

23.      The parties do not consent to assignment of the case to a United States Magistrate Judge.

**G.      Settlement.**

24.      Plaintiffs are unable to make a written settlement demand because their claim involves the legality of Brown County's regulation and is not a claim for damages.

DATED, this 14th day of July, 2023.

**MAY, ADAM, GERDES & THOMPSON LLP**

BY: _____
BRETT KOENECKE
JUSTIN L. BELL
CODY L. HONEYWELL
CASH E. ANDERSON
P.O. Box 160
Pierre, SD 57501-0160
(605) 224-8803
brett@mayadam.net
jlb@mayadam.net
cody@mayadam.net
cea@mayadam.net

BRIAN D. BOONE (*pro hac vice*)
MICHAEL R. HOERNLEIN (*pro hac vice*)
MATTHEW P. HOOKER (*pro hac vice*)
**ALSTON & BIRD LLP**
1120 S. Tryon St., Ste. 300
Charlotte, NC 28203

**RICHARDSON, WYLY, WISE, SAUCK & HIEB, LLP**

BY: _____
JOSHUA K. FINER
RYAN S. VOGEL
One Court Street
Post Office Box 1030
Aberdeen, SD 57402-1030
Telephone No. 605-225-6310
Email: jfiner@rwwsh.com
          RVogel@rwwsh.com

*Attorneys for Defendants*

4

(704) 444-1000
brian.boone@alston.com
michael.hoernlein@alston.com
matthew.hooker@alston.com

*Counsel for Plaintiffs*